IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| QWP HOLDINGS LLC, d.b.a., PROFILE CABINET AND DESIGN | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Brandon Fitzpatrick and Theopilis Bryant, who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that QWP Holdings, LLC, discharged Fitzpatrick and Bryant because of their race (black), in violation of the Title VII, as amended and as alleged with greater particularity in paragraphs 15-29 below.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3).

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the illegal employment practice at issue is alleged to have been committed in Jackson County, Missouri.

4. Venue is proper in the Western Division pursuant to L.R. 3.1(a)(1)(a).

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1).

6. At all relevant times, Defendant, QWP Holdings, LLC, d.b.a. Profile Cabinet and Design, a Delaware corporation, has continuously been doing business in the State of Missouri and Jackson County, Missouri, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Brandon Fitzpatrick, a black male, filed a charge with the Commission alleging violations of Title VII by Defendant.

9. Pursuant to 29 C.F.R. § 1601.14, the Commission mailed Defendant a timely notice of Fitzpatrick's charge as required by 42 U.S.C. § 2000e-5(b).

10. On August 17, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated by the discharge of Brandon Fitzpatrick and Theopilis Bryant, another black employee, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On September 24, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF FACTS

15. Brandon Fitzpatrick (black male) began working for QWP in September 2012 as a Janitor, making $9.00 per hour.

16. In April 2013, Fitzpatrick was employed by QWP as a delivery driver and made $9.00 per hour.

17. In April 2013 Fitzpatrick's coworker, Theopilis Bryant (black male) also worked at QWP.

18. Fitzpatrick and Bryant were employees within the meaning of Section 701 of Title VII, 42 U.S.C. § 2000e(f).

19. On April 29, 2013, Bryant was sick and called Defendant to inform it that he would not report to work. He did not work that day.

20. Because Fitzpatrick often drove Bryant to work, Bryant was aware that Bryant had called in sick.

21. On April 29, 2013, Fitzpatrick arrived at work, tried to "clock in", and noticed that his time card had already been punched in.

22. Time cards for April 29, 2013, show that three employees, Fitzpatrick, Bryant and James White (white male) all clocked in and out at the exact same time on April 29, 2013, even though Bryant was not at work that day.

23. On April 30, 2013, QWP Vice President and General Managers Sean Ahearn and QWP Shop Foreman John Yates met with Fitzpatrick, Bryant, and White and

questioned them about why all three time cards were clocked in at the same time on April 29.

24. Fitzpatrick, Bryant, and White all denied any improper conduct or clocking in violations.

25. Defendant proceeded to terminate Fitzpatrick (black male) and Bryant (black male), on April 30, 2013 for falsifying time records and stealing time, but QWP did not terminate White (white male).

26. During the Commission's investigation, QWP initially stated that it fired Fitzpatrick for performance issues and customer complaints, in addition to clocking Bryant in and out when Bryant was not actually at work.

27. QWP President Lytle told the Commission that he was consulted about the terminations of Fitzpatrick and Bryant and approved them.

28. QWP President Lytle told the Commission that the only reason for the terminations of Fitzpatrick and Bryant was the time card violations.

29. QWP Vice President and General Manager Ahearn told the Commission that Fitzpatrick did not have any performance issues or customer complaints.

## STATEMENT OF CLAIMS
Title VII - Unlawful Termination (Race)

30. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

31. QWP unlawfully terminated Fitzpatrick and Bryant because of their race (black) in violation of 42 U.S.C. § 2000e-2(a)(1).

32. As a direct and proximate result of QWP's violation of 42 U.S.C. § 2000e-2(a)(1), Fitzpatrick and Bryant suffered actual damage including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

33. QWP's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Fitzpatrick and Bryant's rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, in violation of 42 U.S.C. § 2000e-2(a)(1);

B. Order QWP to make Fitzpatrick and Bryant whole by providing back pay and all appropriate compensatory damages, as well as prejudgment interest, for the acts complained of above;

C. Order QWP to pay Fitzpatrick and Bryant punitive damages for its conduct described above;

D. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

E. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, Mo. Bar #46520
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, Mo. Bar #28309
Supervisory Trial Attorney

s/ Dayna F. Deck
DAYNA F. DECK, Mo. Bar #39033
Senior Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
dayna.deck@eeoc.gov
Tel. No. (913) 551-5848
Fax No. (913) 551-6957

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
ATTORNEYS FOR PLAINTIFF