IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:16-cv-00925-HFS |
| v. | ) ) | |
| QWP HOLDINGS, LLC, Defendant. | ) ) ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission instituted this action against Defendant QWP Holdings, LLC ("QWP"), alleging violations of Title VII as amended, to correct alleged unlawful employment practices on the basis of race and to provide appropriate relief to Brandon Fitzpatrick and Theopilis Bryant (hereinafter "Claimants"), who were alleged to have been adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission alleged that QWP fired Claimants because of their race, Black. QWP has specifically denied the allegations made by the Claimants and the Court acknowledges that no findings of fact or conclusions of law have been made as to the merits of the claims.

It is the finding of this Court, made on the pleadings, and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy among the parties in this lawsuit and as alleged in EEOC Charge No. 563-2016-01036, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I. GENERAL PROVISIONS

1. This Consent Decree fully resolves all issues raised by the EEOC in this civil action, and by the Charging Party in EEOC Charge No. 563-2016-01036, with prejudice. This Consent Decree further resolves all claims for injunctive relief sought by the EEOC in this civil action or EEOC Charge No. 563-2016-01036.

2. This Consent Decree, being entered with the consent of the parties for the purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by QWP of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with discrimination in employment.

3. QWP shall not discriminate against applicants or employees with respect to discipline, firing, hiring, training, promotion, compensation, or other terms, conditions, or privileges of employment based on race, sex, age, color, national origin, religion or disability.

4. Nothing in this Consent Decree shall be construed to limit or reduce QWP's obligation to fully comply with Title VII or the regulations promulgated under Title VII.

5. By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge No. 563-2016-01036. This Consent Decree in no way affects EEOC's right to process, in accordance with standard EEOC procedures, charges filed by individuals or EEOC Commissioners against any party, including QWP, including those pending as of the effective date of this Consent Decree and those filed in the future. Processing includes the administrative investigation, conciliation, and commencement of civil actions based on such charges.

6. At any time during the term of this Decree, if the EEOC concludes that QWP has failed to comply with this Consent Decree, the EEOC may seek enforcement of the Consent Decree by the Court.

7. QWP and its officers, agents, successors, and assigns, for the duration of this Decree, shall not: (a) discriminate against any employee or applicant of QWP for employment with respect to discipline, firing, hiring, promotion, compensation, scheduling or other terms, conditions or privileges of employment on the basis of race; (b) harass any employee of QWP because of his or her race; and (c) retaliate against any employee of QWP because he or she (i) has opposed discriminatory practices made unlawful by Title VII; (ii) filed a charge of discrimination or assisted or participated in the filing of a charge of discrimination based on race; (iii) assisted or participated in an investigation or proceeding brought under Title VII; or (iv) has benefitted or will benefit in any way as a result of this Consent Decree or any settlement under Title VII.

## II. PURPOSE OF THE AGREEMENT

8. The parties have voluntarily entered into this Consent Decree in order to achieve the following purposes:

    a. To avoid the cost of further litigation;

    b. To assure the implementation of policies and procedures that inform all employees of clear reporting channels for making complaints of discrimination;

    c. To insure that QWP is an equal opportunity employer with regard to all aspects of employment and hiring; and

    d. To let the public, applicants, and employees know that QWP is an equal opportunity employer.

### III. EQUITABLE RELIEF

9. Within thirty (30) days of entry of this Decree, QWP will provide a one hour, live, in-person training on the requirements of Title VII to all employees. Non-exempt employees will receive their hourly pay for the time of the training. The training will include, but is not limited to, information about QWP's responsibility to comply with Title VII and employees' rights under anti-discrimination laws. QWP shall require each employee attending the training to sign a typed roster that lists each employee's name, job title, and work location, and QWP will maintain a copy of the signed roster for one (1) year.

10. Within fourteen (14) days of the completion of the training required by Paragraph 9 above, QWP will send to the EEOC Regional Attorney a copy of the signed attendance roster, all materials used in the training, and a list of any employees who did not attend with an explanation of when and by whom the employee(s) will receive training.

11. Within fifteen (15) days of entry of this Decree, QWP's CEO shall sign the Notice attached as Exhibit 1, and QWP shall post copies of the signed notice at every QWP location in an area accessible to employees and job applicants.

12. Within sixty (60) days of the entry of this decree, QWP will revise its written policies and procedures for reporting and investigating discrimination (including retaliation) complaints by employees. Such revision will clearly delineate:

    a. To whom (by name and/or title) employees should make any complaint;

    b. Who (by name and/or title) will investigate employee complaints;

    c. The possible penalties for employees violating the anti-discrimination policies;

    d. A pledge of no retaliation for making a discrimination complaint.

13. Within seventy (70) days of the entry of this decree, QWP shall distribute copies of the new, revised reporting and investigation policies and procedures (referenced in paragraph 12) to all employees.

14. Within ninety (90) days of the entry of this decree, QWP shall send a copy of the newly revised reporting procedures referenced in paragraph 12 to the EEOC Regional Attorney.

15. Within ninety (90) days of entry of this decree and annually thereafter, QWP will provide for training regarding anti-discrimination laws and investigating complaints for all persons whom QWP designates to receive and investigate discrimination complaints. Within fifteen (15) days of each training, QWP will send certification to the EEOC Regional Attorney that such training was completed, including names of all employees attending the training, the date of training, and who provided the training.

### IV. MONETARY RELIEF

16. Within thirty (30) days of entry of this Decree:

    a. QWP shall pay the gross sum of $30,000.00 (thirty thousand dollars) to Brandon Fitzpatrick, representing $22,558.69 in back pay and $7,441.31 in compensatory damages. Payment shall be made in full, less deductions only for the employee's portion of FUTA, FICA, and applicable federal, state, and local tax withholdings on the back pay amount. Prior to January 31, 2018, QWP will issue to Mr. Fitzpatrick an IRS Form W-2 for the back pay portion of the judgment and a Form 1099 for the compensatory damages portion of the judgment. QWP shall mail the check and a statement itemizing the deductions made from the back pay portion to Mr. Fitzpatrick at an address provided by the Equal Employment Opportunity Commission.

b. QWP shall pay the gross sum of $30,000.00 (thirty thousand dollars) to Theopilis Bryant representing $ 21,121.73 in back pay and $8,878.27 in compensatory damages. Payment shall be made in full, less deductions only for the employee's portion of FUTA, FICA, and applicable federal, state, and local tax withholdings on the back pay amount. Prior to January 31, 2018, QWP will issue to Mr. Bryant an IRS Form W-2 for the back pay portion of the judgment and a Form 1099 for the compensatory damages portion of the judgment. QWP shall mail the check and a statement itemizing the deductions made from the back pay portion to Mr. Bryant at an address provided by the Equal Employment Opportunity Commission.

c. Within five (5) business days of issuing the checks, QWP will furnish a copy of each check, itemized statement, and any accompanying correspondence to the EEOC.

17. Notwithstanding that the Claimants are the ultimate beneficiaries of these payments, these payments are a debt owed to and collectible by the EEOC or its proxy.

18. QWP will not condition the receipt of individual relief on Claimants' agreement to (a) maintain as confidential the facts and/or allegations underlying the charge and complaint and the terms of this Decree; (b) waive their statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with QWP; or (d) agree to a non-disparagement and/or confidentiality agreement.

19. Theopilis Bryant shall execute and provide to QWP the release set forth as Exhibit 2 and Brandon Fitzpatrick shall execute and provide to QWP the release set forth as Exhibit 3.

## V. REPORTING AND RECORD KEEPING

20. Within ninety (90) days of entry of this decree and quarterly thereafter, QWP will provide to the EEOC Regional Attorney a list of all employees involuntarily discharged during the preceding quarter, including the name, race, address and social security number of the person discharged; date of discharge; last job held; the stated reason(s) for discharge; and the name of the person(s) who made the discharge decision.

21. Within one hundred eighty (180) days of entry of this decree and every six (6) months thereafter, QWP shall provide a written report to the EEOC Regional Attorney identifying all internal complaints of discrimination, including:

   a. name, last known residential address, and social security number of the person who made the complaint;

   b. name and position title of the person about whom a complaint was made;

   c. date of the complaint;

   d. allegations of the complaint, including names of persons complained about;

   e. name and position title of any person who participated in any investigation of or decision-making regarding the complaint;

   f. actions taken, if any, as a result of the investigation of the complaint; and copies of all documents pertaining to any decision-making process or investigation into the matter, including all interview notes, except documents protected by the attorney-client privilege, which shall be identified on a privilege log.

g. Copies of all written notices for job openings and information about where each announcement was posted both in and outside QWP's workplace and the dates of postings.

22. At any time during the term of this Decree, upon fifteen business (15) days written notice by the EEOC Regional Attorney, QWP shall make available for inspection and copying by the EEOC the following records:

a. All applications for employment;

b. All attendance records and any letters to employees concerning attendance;

c. Documents related to each complaint of discrimination or harassment, including but not limited to documents that show the date the complaint was made, the name of the complainant, the allegations of the complaint, and what actions QWP took, if any, to resolve the matter, except documents protected by the attorney-client privilege, which shall be identified on a privilege log.

23. All reporting required by this Decree shall be addressed to Regional Attorney, EEOC, St. Louis District Office, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103. This information shall remain confidential and will not be disclosed except as permitted by law.

## VI. TERM AND EFFECT OF DECREE

24. This Consent Decree will become effective on the date approved and signed by the United States District Court for the Western District of Missouri, will remain in effect for a period of three (3) years, and may be extended by the Court upon a showing of good cause. The "entry date" of this Decree is the date signed and entered by the Court.

25. This Consent Decree shall be binding upon the parties hereto, their successors, and assigns.

26. The United States District Court for the Western District of Missouri shall retain jurisdiction over this matter for the duration of the term of this Consent Decree for purposes of compliance.

27. Each party shall bear its own costs and fees.


 4/25/17                                              /s/ Howard F. Sachs
Date                                                  UNITED STATES DISTRICT JUDGE

**BY CONSENT**:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


*s/ Andrea G. Baran*
ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7914 (telephone)
(314) 539-7895 (facsimile)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov


*s/ Dayna F. Deck*
DAYNA F. DECK
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
(913) 551-5848 (telephone)
(913) 551-6957 (facsimile)
dayna.deck@eeoc.gov

QWP HOLDINGS, LLC

_____
PAUL PORTER, PRESIDENT


SEYFERTH BLUMENTHAL & HARRIS LLC


_____
Charlie J. Harris, Jr., MO Bar #44115
Daniel O. Ramón, MO Bar #68685
4801 Main Street – Suite 310
Kansas City, Missouri 64112
Telephone: (816) 756-0700
Facsimile: (816) 756-3700
Email: charlie@sbhlaw.com
       danny@sbhlaw.com

**Exhibit 1**
                                    <u>NOTICE</u>

# Federal law says that your employer, including a supervisor, manager or coworker, cannot treat you differently on the basis of your:

**RACE**
**NATIONAL ORIGIN**
**COLOR**
**RELIGION**
**SEX**
**DISABILITY**
**OR**
**AGE (FORTY AND OVER)**

Profile Cabinet supports and will obey all Federal laws and will not take any action against employees because they have complained of discrimination or filed a charge with the EEOC.

Profile Cabinet will not accept discrimination by or against any employee, or someone who had applied to be an employee.

Profile Cabinet will not tolerate retaliation against any employee because an employee reports, protests or opposes any employment practice which is believed by such employee to be unlawful under Federal law.

Applicants and employees may report instances of discrimination to the Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101 (913-551-5655), Attn: Regional Attorney. For more information about discrimination and how to file a report with the EEOC go to www.eeoc.gov.


                                                            _____
                                                                        [signed by CEO]

EXHIBIT 2

RELEASE BY THEOPILIS BRYANT


In consideration for the gross sum of Thirty Thousand Dollars ($30,000.00), less applicable taxes and withholdings, paid to me by Defendant QWP Holdings, LLC d/b/a Profile Cabinet and Design, in connection with the resolution of *EEOC v. QWP Holdings, LLC,* Civil Action No. 4:16-cv-00925-HFS (W.D. MO) and EEOC Charge No. 563-2016-1036, I waive my right to recover for any claims of race discrimination, retaliation and/or harassment arising under Title VII of the Civil Rights Act of 1964, as amended, that I have or had against QWP Holdings, LLC d/b/a Profile Cabinet and Design, prior to the date of this release and that were or could have been included in the claims alleged in EEOC's complaint in the above reference lawsuit or alleged in the above referenced charge.

Date: _____     Signature: _____
                                              Theopilis J. Bryant

EXHIBIT 3

RELEASE BY BRANDON FITZPATRICK

In consideration for the gross sum of Thirty Thousand Dollars ($30,000.00), less applicable taxes and withholdings, paid to me by Defendant QWP Holdings, LLC d/b/a Profile Cabinet and Design, in connection with the resolution of *EEOC v. QWP Holdings, LLC,* Civil Action No. 4:16-cv-00925-HFS (WD. MO.), I waive my right to recover for any claims of race discrimination and/or harassment arising under Title VII of the Civil Rights Act of 1964, as amended, that I have or had against QWP Holdings, LLC d/b/a Profile Cabinet and Design, prior to the date of this release and that were or could have been included in the claims alleged in EEOC's complaint in the above referenced lawsuit.

Date: _____    Signature: _____
                                                Brandon Fitzpatrick